UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FIRST BANK,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>EXODUS, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:21-cv-05412-DGE<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on review of the Court record. On March 22, 2022, this Court granted summary judgment in favor of Plaintiff and directed Plaintiff to submit a Bill of Fees and Costs by April 5, 2022. (Dkt. No. 31.) Plaintiff submitted a motion for bill of costs and several declarations on April 5, 2022. (Dkt. Nos. 33, 34, 35, and 36.)

On April 22, 2022, the Clerk's Office taxed costs in the amount of $51,565.65 and, citing the applicable local civil rule and federal statutes, directed Plaintiff to file a separate motion for attorney fees. (Dkt. No. 39); Local Civil Rule 54(d)(5) ("A motion for attorney's fees should not

ORDER TO SHOW CAUSE - 1

be included in the motion for costs to the clerk but should be directed to the court pursuant to Fed. R. Civ. P. 54(d), which sets forth requirements for the timing and contents of the motion.").

On April 22, 2022, Plaintiff filed a motion for $69,801.88 in attorney fees. (Dkt. No. 40.) Plaintiff previously submitted documentation in support of its request for attorney fees incurred in connection with collecting the debts owed by Defendants to First Bank. (Dkt. Nos. 33, 34, and 35.)

On April 29, 2022, Defendants, pursuant to Local Civil Rule 3(h), filed a notice informing the Court that Defendants Fred J. Hankins and F.J. Hankins Enterprises, Inc. recently filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Oregon. (Dkt. No. 41.) Defendants filed the bankruptcy petition on April 26, 2022.

Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." *Eskanos & Adler, P.C. v. Leetien*, 309 F3d 1210, 1213-14 (9th Cir. 2002). The Ninth Circuit has noted that the statute is "unambiguous" and that "[t]he plain language of § 362(a)(1) prohibits the continuation of judicial actions." (*Id*.)

The United States Bankruptcy Code, and applicable precedent from the Ninth Circuit, both appear to require an automatic stay of any further proceedings in this case, including Plaintiff's pending motion for attorney's fees.

ORDER TO SHOW CAUSE - 2

Accordingly, Plaintiff shall, no later than May 24, 2022, show cause why further proceedings in this matter should not be stayed pending the resolution of Defendant's bankruptcy petition, and why Plaintiff's motion for attorney fees should not be stricken.

Dated this 10th day of May, 2022.

David G. Estudillo
United States District Judge